# EXHIBIT A

When Recorded Mail to:
FIRST AMERICAN TITLE CO.
FAMS-DTO RECORDING
3 FIRST AMERICAN WAY
SANTA ANA, CA 92707-991

Document Prepared by:
Christi Sanders
Midland Mortgage - A Division of MidFirst Bank
999 N.W. Grand Boulevard, Suite 100
Oklahoma City, OK 73118-6116
1-800-552-3000

FHA Case Number: 

## SUBORDINATE MORTGAGE

THIS SUBORDINATE MORTGAGE ("Security Instrument") is given on **December 2, 2021**. The mortgagors are **NAJWA ALKHATIB** whose address is **6214 WEBSTER ST PHILADELPHIA, PA 19143-2220** ("Borrower"). This Security Instrument is given to the **Secretary of Housing and Urban Development** whose address is **451 Seventh Street, SW, Washington, DC 20410** ("Lender"). Borrower owes Lender the principal sum of **eleven-thousand-nine-hundred-seventy-one dollars and thirty-two cents** (US $11,971.32). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on **3/1/2042**. This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums advanced to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender the following described property located in **PHILADELPHIA** County, Pennsylvania:

**See Exhibit "A" attached hereto and made a part hereof.**

Page 1 of the Subordinate Mortgage

Borrower Initial Lines
_7_ _A_. _____

* Please add the appropriate number of initial lines for each signatory over

4

Being the same property conveyed to NAJWA ALKHATIB by Deed recorded 7/3/2003 and recorded in Instrument Number: 50704542    in PHILADELPHIA County, Pennsylvania

**Tax ID # 033039100**

which has the address of: **6214 WEBSTER ST  PHILADELPHIA, PA  19143-2220**("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property".

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

**UNIFORM COVENANTS.** Borrower and Lender covenant and agree as follows:

1. **Payment of Principal.**

   Borrower shall pay when due the principal of the debt evidenced by the Note.

2. **Borrower Not Released; Forbearance By Lender Not a Waiver.**

   Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

3. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.**

Page 2 of the Subordinate Mortgage                                          Borrower Initial Lines

* Please add the appropriate number of initial lines for each signatory over 4

The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the note without that Borrower's consent.

4. **Notices.**

    Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Notice to any one Borrower shall serve as notice to all Borrowers unless state law expressly prohibits same. Any notice to Lender shall be given by first class mail to: **Department of Housing and Urban Development, Attn: Single Family Notes Branch, 451 Seventh Street, SW, Washington, DC 20410 or any address Lender designates** by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

5. **Governing Law; Severability.**

    This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end, the provisions of the Security Instrument and the Note are declared to be severable.

6. **Borrower's Copy.**

    Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

7. **Acceleration; Remedies.**

    Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument. Lender shall notify Borrower of, among other things: (a) the default; (b) the action required to cure the default; (c) when the default must be cured; and (d) that failure to cure the default as specified may result in acceleration of the sums secured by the Security Instrument,

Page 3 of the Subordinate Mortgage                                      Borrower Initial Lines

\* Please add the appropriate number of initial lines for each signatory over

4

foreclosure by judicial proceeding and sale of the Property. Lender shall further inform Borrower of the right to reinstate after acceleration and the right to assert in foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default if not cured as specified, Lender at its option, may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 7, including, but not limited to, attorneys' fees and costs of title evidence to the extent permitted by applicable law.

**If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under the Paragraph 7 of the Subordinate Note, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 USC 3751 et seq) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to Lender under this paragraph or applicable law.**

8. **Release.**

   Upon payment of all sums secured by this Security Instrument, this Security Instrument and the estate conveyed shall terminate and become void. After such occurrence, Lender shall discharge and satisfy this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs. Lender may charge such person or persons a fee for reconveying the Property only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under applicable law.

9. **Waivers.**

   Borrower, to the extent permitted by applicable law, waives and releases any error or defects in proceedings to enforce this Security Instrument and hereby waives the benefit of any present or future laws providing for stay of execution, extension of time, exemption from attachment, levy and sale, and homestead exemption.

10. **Reinstatement Period.**

    Borrower's time to reinstate shall extend to one hour prior to the commencement of bidding at a sheriff's sale or other sale pursuant to this Security Instrument.

11. **Purchase Money Mortgage.**

    If any of the debt secured by this Security Instrument is lent to Borrower to acquire title to the Property, this Security Instrument shall be a purchase money mortgage.

Page 4 of the Subordinate Mortgage

Borrower Initial Lines

* Please add the appropriate number of initial lines for each signatory over

4

## 12. Interest Rate After Judgment.

Borrower agrees that the interest rate payable after a judgment is entered on the Note or in an action of mortgage foreclosure shall be the rate payable from time to time under the Note.

Page 5 of the Subordinate Mortgage

Borrower Initial Lines

\* Please add the appropriate number of initial lines for each signatory over

4

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it. IN WITNESS WHEREOF, Borrower has executed this Security Instrument.

BORROWER

_____
NAJWA ALKHATIB

Acknowledgement

STATE OF Pennsylvania                           )
          DELAWARE                              ) SS:
COUNTY OF (PHILADELPHIA)                        )

On the _5th_ day of _JANUARY_, 20_22_, before me, the undersigned, a notary public in and for said state, personally appeared **NAJWA ALKHATIB**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument.

In witness whereof, I hereunto set my hand and official seal.

_____
Notary Public

MARY JANE GIEDER
Printed name of notary

County of Residence: _DELAWARE_
Commission Number: _1147096_
My Commission Expires: _07/03/2025_

```
Commonwealth of Pennsylvania - Notary Seal
Mary Jane Gieder, Notary Public
Delaware County
My commission expires July 3, 2025
Commission number 1147096
```
Member, Pennsylvania Association of Notaries

Page 6 of the Subordinate Mortgage

**Exhibit "A"**

ALL THAT CERTAIN LOT OR PIECE OF GROUND WITH THE BUILDINGS AND IMPROVEMENTS THEREON ERECTED.

SITUATE ON THE SOUTH SIDE OF WEBSTER STREET (60 FEET WIDE) AT THE DISTANCE OF 107 FEET 3 INCHES WESTWARD FROM THE WEST SIDE OF 62ND STREET (60 FEET WIDE) IN THE 3RD (FORMERLY PART OF THE 46TH) WARD OF THE CITY OF PHILADELPHIA.

CONTAINING IN FRONT OR BREADTH ON WEBSTER STREET 15 FEET 3 INCHES AND EXTENDING SOUTHWARDLY BETWEEN PARALLEL LINES AT RIGHT ANGLES TO THE SAID WEBSTER STREET 110 FEET INCLUDING ON THE REAR END THEREOF THE SOIL OF THE FULL WIDTH OF A CERTAIN 3 FEET WIDE ALLEY WHICH EXTENDING FROM THE SAID 62ND STREET TO COBBS CREEK PARKWAY.

BEING NO 6214 WEBSTER STREET

TOGETHER WITH THE FREE AND COMMON USE, RIGHT, LIBERTY AND PRIVILEGE OF THE SAID ALLEY AS AND FOR A PASSAGEWAY AND WATERCOURSE AT ALL TIMES, HEREAFTER, FOREVER, IN COMMON WITH THE OWNERS, TENANTS AND OCCUPIERS OF THE OTHER LOTS OF GROUND BOUNDING THEREON AND ENTITLED TO THE USE THEREOF.

**Parcel #** 033039100

**Tax ID# 033039100**

Page 7 of the Subordinate Mortgage

FHA Case Number: ███

## SUBORDINATE NOTE

Date: December 2, 2021
Property Address: 6214 WEBSTER ST
PHILADELPHIA, PA 19143-2220

### 1. Parties

"Borrower" means each person signing at the end of this Note, and the Person's successors and assigns. "Secretary" or "Lender" means the Secretary of Housing and Urban Development and its successors and assigns.

### 2. Borrower's Promise to Pay

In return for a loan received from Lender, Borrower promises to pay the principal sum of **eleven-thousand-nine-hundred-seventy-one dollars and thirty-two cents** (US $11,971.32) to the order of the Lender.

### 3. Promise to Pay Secured

Borrower's promise to pay is secured by a mortgage, deed of trust, or similar security instrument that is dated the same date as this Note and called the "Security Instrument." This Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

### 4. Manner of Payment

A. Time -

On **3/1/2042** or, if earlier, when the first of the following events occurs:

  i. Borrower has paid in full all amounts due under the primary Note and related mortgage, deed of trust or similar Security Instruments insured by the Secretary, or
  ii. The maturity date of the primary Note has been accelerated, or
  iii. Borrower has transferred title to the Property by sale, or
  iv. The primary Note and related mortgage, deed of trust, or similar Security Instrument are no longer insured by the Secretary.

B. Place -

Payment shall be made at the Office of Housing FHA-Comptroller, Director of Mortgage Insurance Accounting and Servicing, c/o ISN Corporation - Western Operations Center Attention: Secretary-Held Loan Servicing 2000 N Classen Blvd

Page 1 of the Subordinate Note

Suite #3200 Oklahoma City, OK 73016 or any such other place as Lender may designate in writing by notice to Borrower.

C. Default -

If Borrower does not pay the amount due as set forth in this paragraph, Borrower will be in default. If Borrower is in default, the Lender may require immediate payment of the full amount due which has not been paid without any further notice.

D. No Waiver by Lender -

Even if, at a time when Borrower is in default, Lender does not require immediate payment in full, Lender will still have the right to do so if Borrower is in default at a later time.

E. Payment of Lender's Costs and Expenses -

If Lender has required Borrower to pay immediately in full, Lender will have the right to require Borrower to pay Lender for all costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Such expenses include but are not limited to, reasonable attorney fees.

## 5. Borrower's Right to Repay

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

## 6. Waivers

Borrower and any other person who has obligations under this Note waive the rights to presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of the amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 7. Obligations of Persons Under This Note

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

Page 2 of the Subordinate Note

BY SIGNING BELOW, Borrower(s) accepts and agrees to the terms and covenants contained in this Note.

BORROWER

_Najwa al-Khatib_ (SEAL)      1/5/2022
NAJWA ALKHATIB                                     DATE

State of Pennsylvania
County of Delaware

_Mary Jane Gieder_
NOTARY     01/05/2022

Commonwealth of Pennsylvania - Notary Seal
Mary Jane Gieder, Notary Public
Delaware County
My commission expires July 3, 2025
Commission number 1147096

Member, Pennsylvania Association of Notaries

Page 3 of the Subordinate Note



**MIDLAND MORTGAGE**
A division of MidFirst Bank

### Certificate of Residence

I, _____, do hereby certify that the correct address of the within-named mortgagee is **451 Seventh Street, SW, Washington, DC  20410.**

Witness my hand this _____ day of _____, 20___.

_____
Agent of Mortgagee

Loan ID: █████



**MIDLAND MORTGAGE**
A division of MidFirst Bank

### CERTIFICATION OF CONDITION

Loan Number: ▉▉▉▉▉▉▉

Property Address:  6214 WEBSTER ST
PHILADELPHIA, PA  19143-2220

By signing this, I (we) certify that the property located at the address identified above, which is the subject of the loan referenced above, has no physical conditions that will adversely affect the continued use of the property or interfere with my (our) ability to maintain the monthly mortgage payments.

BORROWER

_Najwa al-Khatib_ (SEAL)   1/5/2022
NAJWA ALKHATIB                    DATE

State of Pennsylvania
County of Delaware

_Mary Jane Gieder_
NOTARY  01/05/2022

Commonwealth of Pennsylvania - Notary Seal
Mary Jane Gieder, Notary Public
Delaware County
My commission expires July 3, 2025
Commission number 1147096
Member, Pennsylvania Association of Notaries

Loan ▉▉▉▉▉▉▉



**MIDLAND MORTGAGE**
A division of MidFirst Bank

December 2, 2021

NAJWA ALKHATIB
6214 WEBSTER ST
PHILADELPHIA, PA 19143-2220

### ERRORS AND OMISSIONS COMPLIANCE AGREEMENT

In connection with an agreement between Borrower and the Department of Housing and Urban Development ("HUD"), evidenced by a Subordinate Note and Subordinate Mortgage or Subordinate Deed of Trust ("Partial Claim"), Borrower agrees that if requested by HUD or HUD's authorized agent or representative, or the servicer of the Loan (collectively referred to as "Lender"), the Borrower will correct, or cooperate in the correction of any clerical errors made in any document or agreement entered into in connection with the Partial Claim and/or execute new or additional documents, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to secure its interest created by the Partial Claim in the real property securing the Loan or to sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs or any municipal bond authority.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender. Borrower agrees to assume all costs that may be incurred by the Lender, including without limitation, actual expenses, legal fees and marketing losses, as a result of the Borrower's failure to comply with all such requests within such 30 day time period.

The Borrower makes this agreement in order to assure the documents and agreements executed in connection with the Partial Claim will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender and to secure Lender's interest created by the Partial Claim in the real property securing the Loan.

BORROWER

_Najwa al Khatib_ (SEAL)    1|5|2022
NAJWA ALKHATIB                DATE

State of Pennsylvania
County of Delaware

_Mary Jane Gieder_
NOTARY    01/05/2022

Commonwealth of Pennsylvania - Notary Seal
Mary Jane Gieder, Notary Public
Delaware County
My commission expires July 3, 2025
Commission number 1147096
Member, Pennsylvania Association of Notaries

Loan ID: ███